John E. MacDonald (Pa Bar No. 82828)
  jmacdonald@constangy.com
CONSTANGY, BROOKS, SMITH &
  PROPHETE, LLP
989 Lenox Drive
Suite 206 (2nd Floor)
Lawrenceville, New Jersey 08648
Telephone: (609) 454-0096
Facsimile:  (609) 844-1102

Donald S. Prophete (admitted *pro hac vice*)
  dprophete@constangy.com
CONSTANGY, BROOKS, SMITH &
  PROPHETE, LLP
2600 Grand Boulevard, Suite 750
Kansas City, Missouri 64108-4600
Telephone: (816) 472-6400
Facsimile:  (816) 472-6401

L. Julius Turman (admitted *pro hac vice*)
  jturman@constangy.com
Philip J. Smith (admitted *pro hac vice*)
  psmith@constangy.com
CONSTANGY, BROOKS, SMITH &
  PROPHETE, LLP
351 California, Suite 200
San Francisco, California 94104
Telephone: (415) 918-3002
Facsimile:  (415) 918-3003

Steven B. Katz (admitted *pro hac vice*)
  skatz@constangy.com
Sarah Kroll-Rosenbaum (admitted *pro hac vice*)
  skroll-rosenbaum@constangy.com
CONSTANGY, BROOKS, SMITH &
PROPHETE, LLP
2029 Century Park East, Suite 1100
Los Angeles, California 90067
Telephone: (310) 909-7775
Facsimile:  (424) 465-6630

*Counsel for National Collegiate Athletic Association; Duquesne University; Fairleigh Dickinson University; La Salle University; Monmouth University; The Pennsylvania State University; Rider University; Robert Morris University; Rutgers, The State University of New Jersey; Saint Francis University; Saint Joseph's University; St. Peter's University; Seton Hall University; Temple University; University of Delaware; University of Pittsburgh; and Villanova University*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAWRENCE "POPPY" LIVERS,<br><br>                Plaintiff,<br><br>   v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, a/k/a the NCAA, et al.<br><br>                Defendants. | Civil Action No. 2:17-cv-04271-MMB<br><br>**OPPOSITION TO MOTION FOR SANCTIONS** |

Despite the fact that two federal courts in as many years have adopted the arguments made by Defendants in their Motions to Dismiss (*see Berger v. Nat'l Collegiate Athletic Ass'n*, 843 F.3d 285 [7th Cir. 2016]; *Dawson v. Nat'l Collegiate Athletic Ass'n*, 250 F. Supp.3d 401 [N.D. Cal. 2017]), Plaintiff seeks Rule 11 sanctions from Defendants for making them.  This Motion need not detain the Court for long.  The very existence of decisions adopting Defendants' arguments and dismissing complaints similar to Plaintiff's means, as a matter of law, that the pending Motion to Dismiss is "warranted by existing law or by a nonfrivolous argument for extending . . . existing law" within the meaning of Rule 11(b)(2) and is "not being presented for any improper purpose" within the meaning of Rule 11(b)(1).

In *Oliveri v. Thompson*, 803 F.2d 1265, 1275 (2d Cir. 1986), the Second Circuit held that "[R]ule 11 is violated only when it is 'patently clear that a claim ***has absolutely no chance of success***.'") (emphasis added) (*quoting Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 254 [2d Cir. 1985], *cert. denied sub nom. County of Suffolk v. Graseck*, 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 [1987]).  In *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988), the Third Circuit quoted this language from *Olvieri* with approval as reflecting its interpretation of Rule 11.  "Accordingly, Pennsylvania district courts have held that Rule 11 sanctions should be imposed only if it is patently clear that a claim 'has absolutely no chance of success.'"  *LabMD, Inc. v. Tiversa Holding Corp*., No. CV 15-92, 2016 WL 3002433, at *7 (W.D. Pa., May 23, 2016).  *See Ahn v. Korea Advanced Institute of Science and Technology*, No. 14-CV-1987, 2014 WL 6455593, at *9 (D.N.J., Nov. 17, 2014) (same); *Patterson v. Averbeke*, No. CIV.A. 10-996, 2013 WL 6731987, at *3 (E.D. Pa., Dec. 20, 2013) (same); *Zuniga v. Riverview Residential Partners, II, L.P.*, No. CIV.A. 10-826, 2011 WL 240162, at *3 (E.D. Pa., Jan. 25, 2011) (same); *Cvetko v. Derry Tp. Police Dept*., No. 1:09-CV-01260, 2010 WL 3338256, at *2 (M.D. Pa., Aug. 24, 2010) (same).

Where—as here—a theory has had actual success outside the Third Circuit, and has not been squarely rejected in the Third Circuit, it cannot be said that it "has absolutely no chance of success," ***because it has succeeded***.

The gist of Plaintiff's motion is his argument that 'I'm right and you're wrong.'  As explained in greater detail in Defendant's Moving and Reply papers in support of their Motion to Dismiss (Dkt. 24-1 and 37, which are incorporated by this reference) Plaintiff is not right

when he argues that the Complaint plausibly alleges an employment relationship between student-athletes and their schools, based solely on the fact that the students are athletes.  But even if he is, the Motion to Dismiss is not frivolous because it has a demonstrated "chance of success."  In fact, *it has succeeded in other courts*.[1]

While the Motion to Dismiss is not frivolous as a matter of law, the same cannot be said about Plaintiff's Motion for Sanctions, which ignores Third Circuit precedent construing Rule 11.  Thirty years ago, the Third Circuit expressed "concern[]" about

> "[t]he growing tendency to extend the Rule beyond its text and intent [and] . . . the noticeable increase in unjustified requests for sanctions. The Rule is being perverted when used as a tool for harassment rather than as an instrument to prevent abuse. . . . The use of Rule 11 as an additional tactic of intimidation and harassment has become part of the so-called 'hardball' litigation techniques espoused by some firms and their clients. Those practitioners are cautioned that they invite retribution from courts which are far from enchanted with such abusive conduct. A court may impose sanctions on its own initiative when the Rule is invoked for an improper purpose." *Gaiardo v. Ethyl Corp.*, 835 F. 2d 479, 484-85 (3d Cir. 1987) (citations omitted).

It warned litigants that Rule 11 is "not to be used routinely when the parties disagree about the correct resolution of a matter in litigation."  *Morristown Daily Record, Inc. v. Graphic Communications Union Local 8N*, 832 F. 2d 31, 32 n.1 (3d Cir. 1987).  Yet that is precisely what Plaintiff has done here.[2]

---

[1] Furthermore, Plaintiff does not even dispute that his Complaint was time-barred.  (*See Reply Memorandum In Support of Motion to Dismiss*, at pp. 1-6 [Dkt. 37].)

[2] Another example of Plaintiff ignoring Third Circuit precedent:  Plaintiff argues that defendant violated Rule 11(b)(2) by failing to "state expressly that he or she is arguing for reversal or change of law."  (*Mot*. at p. 15 [Dkt. 27].)   The Third Circuit has rejected such a requirement:

> "[T]he district court read Rule 11 to impose an obligation, a 'duty of candor,' directing counsel to label their arguments as either supported by existing law, or contrary to existing law but supported by a good faith attempt to extend or modify the jurisprudence. . . . .  We . . . hold that counsel may not be found to have violated Rule 11 merely for failing to 'label' the argument advanced."  *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 96 (3d Cir. 1988) (*following Golden Eagle Distributing Corp. v.*

As Gertrude Stein once quipped about Oakland, "There is no there, there." The arguments made by Defendants in the Motion to Dismiss have been adopted by federal courts—twice. As such, they cannot possibly be frivolous as a matter of law.

Dated: February 16, 2018                    Respectfully submitted

                                            s/    Steven B. Katz        .

                                            John E. MacDonald
                                            CONSTANGY, BROOKS, SMITH &
                                                PROPHETE, LLP
                                            989 Lenox Drive
                                            Suite 206 (2nd Floor)
                                            Lawrenceville, New Jersey 08648
                                            Telephone: (609) 454-0096
                                            Facsimile:  (609) 844-1102

                                            Donald S. Prophete (admitted *pro hac vice*)
                                            CONSTANGY, BROOKS, SMITH &
                                                PROPHETE, LLP
                                            2600 Grand Boulevard, Suite 750
                                            Kansas City, Missouri 64108-4600
                                            Telephone: (816) 472-6400
                                            Facsimile:  (816) 472-6401

                                            L. Julius Turman
                                            Philip J. Smith
                                            CONSTANGY, BROOKS, SMITH &
                                                PROPHETE, LLP
                                            351 California, Suite 200
                                            San Francisco, California 94104
                                            Telephone: (415) 918-3002
                                            Facsimile:  (415) 918-3003

                                            Steven B. Katz
                                            Sarah Kroll-Rosenbaum
                                            CONSTANGY, BROOKS, SMITH &
                                                PROPHETE, LLP

---

*Burroughs Corp.*, 801 F.2d 1531 [9th Cir. 1986], *reh'g denied*, 809 F.2d 584 [9th Cir. 1987]).

The Third Circuit has not reversed this rule. *See Langer v. Monarch Life Ins. Co.*, 966 F.2d 786, 810 (3d Cir. 1992) (in *Mary Ann Pensiero, Inc.* "we merely held that counsel need not affirmatively label their theories as based on good faith arguments for a change in law rather than on existing law.").

2029 Century Park East, Suite 1100
Los Angeles, California 90067
Telephone: (310) 909-7775
Facsimile:  (424) 465-6630

*Counsel for National Collegiate
Athletic Association; Duquesne
University; Fairleigh
Dickinson University; La Salle
University; Monmouth
University; The Pennsylvania
State University; Rider
University; Robert Morris
University; Rutgers, The State
University of New Jersey; Saint
Francis University; Saint
Joseph's University; St. Peter's
University; Seton Hall
University; Temple University;
University of Delaware;
University of Pittsburgh; and
Villanova University*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 16, 2018, the foregoing document was served on counsel by filing via the CM/ECF system, which will send an email notice to registered parties.

s/    Steven B. Katz        .

Steven B. Katz
CONSTANGY, BROOKS, SMITH &
PROPHETE, LLP
