John E. MacDonald (Pa Bar No. 82828)
   jmacdonald@constangy.com
CONSTANGY, BROOKS, SMITH &
  PROPHETE, LLP
989 Lenox Drive
Suite 206 (2nd Floor)
Lawrenceville, New Jersey 08648
Telephone: (609) 454-0096
Facsimile:  (609) 844-1102

Steven B. Katz (admitted *pro hac vice*)
   skatz@constangy.com
Sarah Kroll-Rosenbaum (admitted *pro hac vice*)
   skroll-rosenbaum@constangy.com
CONSTANGY, BROOKS, SMITH &
PROPHETE, LLP
2029 Century Park East, Suite 1100
Los Angeles, California 90067
Telephone: (310) 909-7775
Facsimile:  (424) 465-6630

Donald S. Prophete (admitted *pro hac vice*)
   dprophete@constangy.com
CONSTANGY, BROOKS, SMITH &
  PROPHETE, LLP
2600 Grand Boulevard, Suite 750
Kansas City, Missouri 64108-4600
Telephone: (816) 472-6400
Facsimile:  (816) 472-6401

Philip J. Smith (admitted *pro hac vice*)
   psmith@constangy.com
CONSTANGY, BROOKS, SMITH &
  PROPHETE, LLP
351 California, Suite 200
San Francisco, California 94104
Telephone: (415) 918-3002
Facsimile:  (415) 918-3003

*Counsel for National Collegiate Athletic Association; Duquesne University; Fairleigh Dickinson University; La Salle University; Monmouth University; The Pennsylvania State University; Rider University; Robert Morris University; Rutgers, The State University of New Jersey; Saint Francis University; Saint Joseph's University; St. Peter's University; Seton Hall University; Temple University; University of Delaware; University of Pittsburgh; and Villanova University*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LAWRENCE "POPPY" LIVERS,<br><br>                     Plaintiff,<br><br>  v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, a/k/a the NCAA, et al.<br><br>                     Defendants. | Civil Action No. 2:17-cv-04271-MMB<br><br>**RESPONSE TO PLAINTIFF'S LETTER TO THE COURT DATED JUNE 13, 2018** |

Defendants are filing this brief response to the informal letter sent by Plaintiff directly to Chambers[1] during the evening of June 13, 2018, requesting that the Court relieve Plaintiff of his obligation under Local Rule 7.1(c) to file any opposition to the pending Motion to Dismiss (field 6-13-18; dkt. 57).

Defendants oppose Plaintiff's request for relief on two grounds:

First, no good cause is presented in the letter. Plaintiff argues that the pending Motion to Dismiss might be rendered moot. But it is at least equally likely that the Motion will not be mooted by this Court's ruling on the Motion for Reconsideration (filed 5-22-18; dkt. 49).

Second, Plaintiff is estopped from seeking such relief *because he refused to so stipulate* prior to the deadline for Defendants to respond to the current operative complaint. Having insisted that Defendants respond to his amended pleading within 14 days as required by Fed. R. Civ. Proc. 15(a)(3), Plaintiff must now respond to the pending Motion to Dismiss within 14 days as required by Local Rule 7.1(c). In law, as in life, one cannot eat one's cake, and have it, too.

Plaintiff filed an Amended Complaint (dkt. 53) on May 30, 2018. Under Fed. R. Civ. Proc. 15(a)(3), Defendants' response to the amended pleading was due on June 13. On June 5, Defendants proposed:

> "[P]erhaps it would be better for all concerned (and the Court) for us to stipulate that the Amended Complaint is withdrawn, without prejudice to filing an Amended Complaint within a reasonable period (say, 21 days) after the Court rules on the Motion for Reconsideration. This would avoid the need for a Motion to Strike, *and spare the parties filing briefs on a further*

---

[1] Defendants were not prejudiced by Plaintiff's violation of Local Rule 5.1.2(2)(a) and this Court's *Pretrial and Trial Procedures—Civil Cases* § A, since Plaintiff copied defense counsel on his letter, which was sent to chambers via e-mail.

-1-

> *Motion to Dismiss while the Motion for Reconsideration remains pending and, accordingly, the pleadings unsettled.*" Katz Decl., ¶ 2 & Exh. A (emphasis added).

Plaintiff declined to do so (Katz Decl., ¶ 3 & Exh. B), and Defendants filed their response to the Amended Complaint by the deadline set by the federal rules.

When Defendants were facing a looming deadline to respond to this Amended Complaint, Plaintiff decided (perfectly rationally) that it was not in his interest to delay the pleading process until his Motion for Reconsideration was resolved. He has the perfect right to make that decision. But having done so, he cannot flip his position once Defendants filed their Motion to Dismiss because it is now in his interest to delay *his* response date for as long as possible. That is unfair. Judicially estopping Plaintiff to assert a new position concerning delaying the pleading process comports with the requirements established by the Third Circuit in *Montrose Med. Grp. Participating Sav. Plan v. Bulger*, 243 F.3d 773, 779–80 (3d Cir. 2001). *See also Checker Cab Philadelphia v. Philadelphia Parking Authority*, No. CV 16-4669, 2018 WL 587298, at *28 (E.D. Pa., Jan. 29, 2018) (following *Montrose*).

"Reconsideration . . . is an extraordinary remedy that is rarely granted." *Luciano v. Teachers Insurance and Annuity Association of America - College Retirement Equities Fund (TIAA-CREF)*, No. CV156726MASDEA, 2016 WL 4728105, at *1 (D.N.J., Sept. 9, 2016). *See also, e.g., U.S. ex rel. Ryan v. Endo Pharmaceuticals, Inc.*, 27 F.Supp.3d 615, 634 (E.D. Pa. 2014) ("Due to the strong interest by the judiciary in the finality of its decisions, the reconsideration of a court's judgment is an extraordinary remedy, and therefore, should be granted sparingly."), *aff'd sub nom. U.S.* ex rel. *Dhillon v. Endo Pharmaceuticals*, 617 Fed.Appx. 208 (3d Cir. 2015). In the event that the Court enters an order on the Motion for Reconsideration that might moot the pending Motion to Dismiss, or otherwise make it

desireable to starting the pleading process anew, the Court can make an appropriate order.  In the (more likely) event that it does not, the Court can proceed the pending (and perhaps, at that point, fully briefed) Motion to Dismiss in the ordinary course on a schedule the fits its docket.

Dated: June 14, 2018                                    Respectfully submitted

                                                    s/   Steven B. Katz         .

                      John E. MacDonald
                      CONSTANGY, BROOKS, SMITH &
                         PROPHETE, LLP
                      989 Lenox Drive
                      Suite 206 (2nd Floor)
                      Lawrenceville, New Jersey 08648
                      Telephone: (609) 454-0096
                      Facsimile:  (609) 844-1102

                      Donald S. Prophete (admitted *pro hac vice*)
                      CONSTANGY, BROOKS, SMITH &
                         PROPHETE, LLP
                      2600 Grand Boulevard, Suite 750
                      Kansas City, Missouri 64108-4600
                      Telephone: (816) 472-6400
                      Facsimile:  (816) 472-6401

                      Steven B. Katz
                      Sarah Kroll-Rosenbaum
                      CONSTANGY, BROOKS, SMITH &
                         PROPHETE, LLP
                      2029 Century Park East, Suite 1100
                      Los Angeles, California 90067
                      Telephone: (310) 909-7775
                      Facsimile:  (424) 465-6630

                      Phillip J. Smith
                      CONSTANGY, BROOKS, SMITH &
                         PROPHETE, LLP
                      351 California, Suite 200
                      San Francisco, California 94104
                      Telephone: (415) 918-3002
                      Facsimile:  (415) 918-3003

                      *Counsel for National Collegiate Athletic Association; Duquesne University;*

*Fairleigh Dickinson University; La Salle University; Monmouth University; The Pennsylvania State University; Rider University; Robert Morris University; Rutgers, The State University of New Jersey; Saint Francis University; Saint Joseph's University; St. Peter's University; Seton Hall University; Temple University; University of Delaware; University of Pittsburgh; and Villanova University*

## DECLARATION OF STEVEN B. KATZ

I, STEVEN B. KATZ, declare:

1. I am an attorney in good standing in the State of California, admitted to practice before the United States Supreme Court, the Ninth, Tenth and D.C. Circuits, the Central, Northern, Southern and Eastern Districts of California, admitted *pro hac vice* before this Court, and counsel of record for Defendants National Collegiate Athletic Association; Duquesne University; Fairleigh Dickinson University; La Salle University; Monmouth University; The Pennsylvania State University; Rider University; Robert Morris University; Rutgers, The State University of New Jersey; Saint Francis University; Saint Joseph's University; St. Peter's University; Seton Hall University; Temple University; University of Delaware; University of Pittsburgh; and Villanova University in this lawsuit. I make the following declaration on the basis of my own, first-hand knowledge and, if called upon to do so, could and would testify to the following facts:

2. On June 5, 2018, I wrote to Paul McDonald, counsel for Plaintiff, requesting that Plaintiff enter into a stipulation to delay briefing on a second motion to dismiss the complaint until after the Court ruled in the pending Motion for Reconsideration. Specifically, I stated:

> "[P]erhaps it would be better for all concerned (and the Court) for us to stipulate that the Amended Complaint is withdrawn, without prejudice to filing an Amended Complaint within a reasonable period (say, 21 days) after the Court rules on the Motion for Reconsideration. This would avoid the need for a Motion to Strike, and spare the parties filing briefs on a further Motion to Dismiss while the Motion for Reconsideration remains pending and, accordingly, the pleadings unsettled."

A true and correct copy of my e-mail message is attached to this Declaration as Exhibit A.

The same day, Mr. McDonald declined this request, stating that "I suspect the Court will rule on the Motion for Reconsideration before setting a schedule for another round of dismissal briefing (if the Original Complaint is not reinstated)."  A true and correct copy of his e-mail message is attached to this Declaration as Exhibit B.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on June 14, 2018, in Los Angeles, California.

s/     Steven B. Katz         .

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 14, 2018, the foregoing document was served on counsel by filing via the CM/ECF system, which will send an email notice to registered parties.

                                                  s/     Steven B. Katz          .

                                                   Steven B. Katz
                                                   CONSTANGY, BROOKS, SMITH &
                                                   PROPHETE, LLP

# Exhibit A

Case 2:17-cv-04271-MMB   Document 60   Filed 06/14/18   Page 9 of 12

# Katz, Steven

| | |
|---|---|
| **From:** | Katz, Steven |
| **Sent:** | Tuesday, June 5, 2018 11:22 AM |
| **To:** | paul@plmcdonaldlaw.com |
| **Cc:** | Prophete, Donald S.; Kroll-Rosenbaum, Sarah; Smith, Philip; MacDonald, John |
| **Subject:** | Livers v. NCAA |

Mr. McDonald—

We note multiple references in the Amended Complaint (dkt. 53) to allegations and exhibits "RESERVED PENDING RULING ON MOTION FOR RECONSIDERATION OR RULE 54(b) APPEAL."  (Viz., ¶¶ 7, 31, 34-44, 171-99.)  Also, at one point, there appears the phrase "WITHDRAWN TO THE EXTENT . . ." & etc. (Viz., ¶¶ 161-64.)  We assume that this language signals Plaintiff's intention to withdraw and/or modify the effected paragraphs, depending on the outcome of the pending Motion for Reconsideration.

If so, perhaps it would be better for all concerned (and the Court) for us to stipulate that the Amended Complaint is withdrawn, without prejudice to filing an Amended Complaint within a reasonable period (say, 21 days) after the Court rules on the Motion for Reconsideration.  This would avoid the need for a Motion to Strike, and spare the parties filing briefs on a further Motion to Dismiss while the Motion for Reconsideration remains pending and, accordingly, the pleadings unsettled.

Please let us know if you agree.

---

**Steven Katz**
**Senior Counsel**

Direct: 310.597.4553 • Direct Fax: 424.276.7421
E-mail: skatz@constangy.com •View Bio/VCard
2029 Century Park East
Suite 1100
Los Angeles, CA 90067
Main: 310.909.7775



http://www.constangy.com

Alabama • California • Colorado • Florida • Georgia
Massachusetts • Minnesota • Missouri • New Jersey • New York
North Carolina • South Carolina • Tennessee • Texas • Virginia
***

# Exhibit B

# Katz, Steven

| | |
|---|---|
| **From:** | Paul McDonald <paul@plmcdonaldlaw.com> |
| **Sent:** | Tuesday, June 5, 2018 11:33 AM |
| **To:** | Katz, Steven |
| **Cc:** | Prophete, Donald S.; Kroll-Rosenbaum, Sarah; Smith, Philip; MacDonald, John |
| **Subject:** | RE: Livers v. NCAA |

I suspect the Court will rule on the Motion for Reconsideration before setting a schedule for another round of dismissal briefing (if the Original Complaint is not reinstated).
In any event, the intent expressed in the Amended Complaint re: the referenced paragraphs is clear, and I prefer to wait for the Court's guidance.

**Paul L. McDonald, Partner**
**P L McDonald Law LLC** | 1800 JFK Boulevard, Suite 300 | Philadelphia, PA  19103
paul@plmcdonaldlaw.com | 267.238.3835

---

**From:** Katz, Steven [mailto:skatz@constangy.com]
**Sent:** Tuesday, June 05, 2018 1:22 PM
**To:** Paul McDonald
**Cc:** Prophete, Donald S.; Kroll-Rosenbaum, Sarah; Smith, Philip; MacDonald, John
**Subject:** Livers v. NCAA

Mr. McDonald—

We note multiple references in the Amended Complaint (dkt. 53) to allegations and exhibits "RESERVED PENDING RULING ON MOTION FOR RECONSIDERATION OR RULE 54(b) APPEAL." (Viz., ¶¶ 7, 31, 34-44, 171-99.)  Also, at one point, there appears the phrase "WITHDRAWN TO THE EXTENT . . ." & etc. (Viz., ¶¶ 161-64.)  We assume that this language signals Plaintiff's intention to withdraw and/or modify the effected paragraphs, depending on the outcome of the pending Motion for Reconsideration.

If so, perhaps it would be better for all concerned (and the Court) for us to stipulate that the Amended Complaint is withdrawn, without prejudice to filing an Amended Complaint within a reasonable period (say, 21 days) after the Court rules on the Motion for Reconsideration.  This would avoid the need for a Motion to Strike, and spare the parties filing briefs on a further Motion to Dismiss while the Motion for Reconsideration remains pending and, accordingly, the pleadings unsettled.

Please let us know if you agree.

---

**Steven Katz**
**Senior Counsel**

Direct: 310.597.4553 • Direct Fax: 424.276.7421
E-mail: skatz@constangy.com •View Bio/VCard
2029 Century Park East
Suite 1100
Los Angeles, CA 90067
Main: 310.909.7775

1