IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| LAWRENCE "POPPY" LIVERS, on his own behalf and on behalf of similarly situated persons <br> v. <br><br> NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, a/k/a the NCAA, and VILLANOVA UNIVERSITY | CIVIL ACTION <br><br> NO. 17-4271 |
|---|---|

Baylson, J.                                                                                         July 25, 2018

**MEMORANDUM RE: MOTION TO DISMISS AMENDED COMPLAINT**

Plaintiff "Poppy" Livers seeks damages under the Fair Labor Standards Act ("FLSA") for his performance on the Villanova University football team. Plaintiff Livers alleges that he was employed by Defendants National Collegiate Athletic Association ("NCAA") and Villanova University throughout his participation as a Scholarship Athlete on the Villanova football team, and that Defendants' refusal to compensate him for his work was in violation of the minimum wage provision of the FLSA. In his original Complaint Plaintiff also included several other NCAA-member schools as Defendants. This Court dismissed the Complaint against those Defendants with prejudice, and Plaintiff has since filed an Amended Complaint against the NCAA and Villanova. Presently before the Court is a Motion to Dismiss the Amended Complaint for failure to state a claim for which relief can be granted, filed jointly by Defendants the NCAA and Villanova. For the reasons discussed below, Defendants' Motion will be denied.

### I.   Summary of Allegations

Plaintiff Livers was a Scholarship Athlete on the Villanova University Football roster during the academic year 2014-15. (Amended Complaint ¶ 201.) In the Memorandum on Defendants' Motion to Dismiss the original Complaint this Court reviewed the allegations

1

contained in the original Complaint in detail. (ECF No. 47 at 3-12.) The Memorandum reviewed facts alleged by Plaintiff on the topic of his participation as a Scholarship Athlete on the Villanova football team; the details regarding Athletic Scholarships, including comparisons to academic scholarships and work study programs; comparing the details of Scholarship Athletes and students involved in student-run groups; and on the topic of NCAA member school agreements regarding Scholarship Athletes.

The Amended Complaint makes many of the same allegations made in the original Complaint. The Court will not repeat its summary here, but instead refers to the Summary of Allegations included in the Memorandum on the Motion to Dismiss the original Complaint.

The Amended Complaint includes several new allegations that were not in the original Complaint. Plaintiff alleges that most Scholarship Athletes are substantially economically dependent upon athletic scholarships—specifically the non-cash benefits they provide, including tuition, fees, books, and room and board valued at tens of thousands of dollars for each year of eligibility/participation in NCAA sports. (Am. Compl. ¶¶ 89-90.) Plaintiff was personally economically dependent upon his Athletic Scholarship while attending Villanova. (Id. ¶ 92.)

Plaintiff alleges that for over a decade a debate has been ongoing regarding the employee status of Scholarship Athletes. (Id. ¶ 109.) Throughout this debate, college administrators, athletic directors, and coaches have publicly asserted various reasons for the refusal of NCAA member schools to pay Scholarship Athletes. (Id. ¶ 110.) Not once during this debate has a college administrator, athletic director, or coach ever professed reliance upon the guidance provided in the Department of Labor's ("DOL") Field Operations Handbook ("FOH") Section 10b03(e) as a reason for the refusal of NCAA member schools to pay Scholarship Athletes. (Id. ¶ 111.) Plaintiff alleges that Section 10b03(e) states, in relevant part:

> As part of their overall educational program, public or private schools and institutions of higher learning may permit or require students to engage in activities in connection with dramatics, student publications, glee clubs, bands, choirs, debating teams, radio stations, intramurals and interscholastic athletics and other similar endeavors. Activities of students in such programs, conducted primarily for the benefit of the participants as a part of the educational opportunities provided to the students by the school or institution, are not work of the kind contemplated by section 3(g) of the Act and do not result in an employer-employee relationship between the student and the school or institution.

(Id. ¶ 112.)

Plaintiff alleges that NCAA Member Schools, including Villanova, publish student-run group directories on their websites, and that NCAA sports are excluded from these directories. (Id. ¶¶ 117, 121; Am. Compl. Ex. M at 5.) In addition, NCAA member schools expressly distinguish, in published material on their websites, NCAA sports from student-run groups, such as student-run interscholastic club sports. (Id. ¶ 122.) Plaintiff alleges that in light of these considerations—as well as allegations repeated from the original Complaint comparing and contrasting student athletes to students involved in work study programs (Id. ¶¶ 95-101) and students involved in student-run groups (Id. ¶¶ 102-108)—it is clear that NCAA member schools understood that Scholarship Athletes are directly comparable to students employed by NCAA member schools in work study programs. (Id. ¶ 126.)

## II. Procedural History

On September 26, 2017 Plaintiff filed the original Complaint (ECF No. 1). All Defendants moved to dismiss the Complaint on December 28, 2017 (ECF No. 23 & ECF No. 24). On May 17, 2018 the Court dismissed Plaintiff's claim against all Defendants other than Villanova University and the NCAA with prejudice, and dismissed the claim against these two parties without prejudice and with leave to amend (ECF No. 47 & ECF No. 48). Plaintiff filed a

3

Motion for Reconsideration on May 22, 2018 (ECF No. 49), which the Court denied.

Plaintiff filed an Amended Complaint against Defendants Villanova and the NCAA on May 30, 2018 (ECF No. 53) stating one cause of action for violation of the Minimum Wage Provision of the Fair Labor Standards Act:

> Violation of 29 U.S.C. §§ 201 et seq., specifically, failing to compensate Plaintiff and members of the putative class pursuant to the minimum wage provisions set out in 29 U.S.C. § 206(a).

Villanova and the NCAA together filed a Motion to Dismiss the Amended Complaint on June 13, 2018 (ECF No. 57). Plaintiff responded on June 22, 2018 (ECF No. 63), and the Defendants replied on June 28, 2018 (ECF No. 64).

### III. Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential–Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

The Court in Iqbal explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Id. at 678, 684. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555); see also Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she

provide not only 'fair notice,' but also the 'grounds' on which the claim rests.") (citing Twombly, 550 U.S. at 556 n.3).  Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

## IV. Discussion

### A. Statute of Limitations

#### i. Defendants' Contentions

Defendants argue that Plaintiff's case, which was filed two years and nine months after his career as a Villanova student athlete concluded, is time barred in light of the two year statute of limitations for FLSA claims.  Def.s' Mot. to Dismiss Pl.'s Am. Compl. at 4.  The statute of limitations extends to three years for "willful" FLSA violations, however the Amended Complaint does not properly allege a "willful" violation.  Id. at 4-6.

While the FOH guidance clearly establishes the view that student athletes are not covered under the FLSA—and therefore that Defendants were reasonable in believing that they need not compensate student athletes pursuant to the FLSA, and therefore could not have willfully violated the FLSA—Plaintiff asserts a strained interpretation of that guidance that would violate typical principles of statutory construction, in an unavailing effort to undermine this conclusion. Id. at 7-10; Def.s' Reply Br. at 9-12.  Additionally, the uniformity of precedent—no court to ever have considered the question has held that interscholastic student athletes are employees under any legal standard, including the FLSA—further establishes that Defendants were reasonable in believing that student athletes are not covered by the FLSA.  Def.s' Mot. at 11-15, cf., Reich v. Gateway Press, Inc., 13 F.3d 685 (3d Cir. 1994).

Defendants need not demonstrate a reasonable basis for their belief that Plaintiff was not

5

covered under the FLSA, rather, it is Plaintiff's burden alone to properly allege "willfulness" in order to avoid dismissal—which, here, requires Plaintiff to plead facts that, if proven, show that Defendants subjectively believed the FOH and case law was wrongly decided. Def.s' Reply Br. at 2-4. This Plaintiff does not do. Id. As such, it is appropriate for the Court to dismiss Plaintiff's claim as time barred at the Motion to Dismiss stage in this case, given that there is no set of facts that would establish willfulness, and Plaintiff has plead none in the Amended Complaint. Id. at 5-9.

### ii. Plaintiff's Contentions

Plaintiff argues that in the Third Circuit it is well settled that the issue of whether an FLSA claim is "willful" is a question of fact that is not appropriate for the Motion to Dismiss stage, as is the question of whether Defendants' actually relied on DOL guidance included in the FOH in concluding that student athletes are not FLSA employees. Pl.'s Br. in Response to Def.s' Mot. to Dismiss at 3-5; 6-7. Moreover—to the extent the Court considers the guidance Defendants received from the FOH—the FOH clearly excludes from FLSA coverage *only* those student activities conducted primarily for the educational benefit of participants, which does not include NCAA sports. Id. at 10-14. Defendants' attempts to challenge this interpretation can only be dealt with through discovery during which the factual question of the intention behind the development of the FOH guidelines can be explored. Id. at 15-16.

Plaintiff asserts that the Amended Complaint clearly pleads that Defendants willfully violated the FLSA. Id. at 5-6. Plaintiff asserts that the Amended Complaint alleged a factual basis—significant similarities between work study students and NCAA Scholarship Athletes— for the allegation that Defendants understood they had a duty to treat these two groups the same

under the FLSA, that is, that they had a duty to compensate Scholarship Athletes just as they did work study students. Id. at 16-21.

### iii. Analysis

Plaintiff's participation as a member of the Villanova football team ended on December 13, 2014,[1] and the original Complaint was filed on September 26, 2017, some two years and nine months later. FLSA claims must be brought within two years, except for in the case of a willful violation, in which case a case may be filed up to three years following accrual of the claim. 29 U.S.C. § 255(a). An FLSA violation "is willful if the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA." Brock v. Richland Shoe Co., 799 F.2d 80, 81 (3d Cir. 1986), aff'd sub nom. McLaughlin v. Richland Shoe Co., 486 U.S. 128, (1988). "[A]n employer has not willfully violated the FLSA if it acts reasonably in determining its legal obligation." Pignataro v. Port Auth., 593 F.3d 265, 273 (3d Cir. 2010) (citing McLaughlin v. Richland Shoe Co., 486 U.S. at 135 n. 13).

In the Memorandum on the Motion to Dismiss the original Complaint in this case, this Court found that Plaintiff had failed to allege facts sufficient to plausibly state a willful FLSA violation by Villanova or the NCAA. Additionally, the Memorandum concluded that even if Plaintiff had plausibly alleged willfulness as an initial matter, he failed to plead facts sufficient to overcome the impact of the FOH guidance on the reasonableness analysis inherent to a willfulness determination.

---

[1] The Court takes judicial notice that the last game of the Villanova football team's 2014-15 season was on December 13, 2014. See, *http://www.villanova.com/sports/m-footbl/sched/nova-m-footblsched.html.* At oral argument on the Motion to Dismiss the original Complaint, Plaintiff conceded this fact.

The Amended Complaint plausibly states a willful FLSA violation sufficient to survive at the Motion to Dismiss stage. Plaintiff has added an allegation to the Amended Complaint that NCAA member schools understood that Scholarship Athletes are directly comparable to students employed in work study programs, individuals who are classified as employees under the FLSA. The Amended Complaint includes detailed factual allegations comparing and contrasting Scholarship Athletes and students involved in work study programs in order to demonstrate that Scholarship Athletes' performance outside the classroom is similar in many ways to that of students involved in work study, and in fact that it is more arduous and time consuming. The Amended Complaint also includes detailed factual allegations contrasting the experience of Scholarship Athletes and students involved in work study programs to that of students involved in student-run groups, to demonstrate that this latter group is subject to much less discretionary control by college supervisory staff, and that members of student-run groups often engage in activity related to educational programming in the course of participation in these groups whereas the Scholarship Athlete and work study experience is strictly non-academic in nature. Finally, Villanova's website, like the websites of many other NCAA member schools, excludes NCAA athletics from its directory of student-run groups.

These allegations permit the plausible inferences that Scholarship Athletes, like their work study counterparts, fall within employee status under the FLSA, and that Defendants Villanova and the NCAA were aware of this when they chose not to pay them, suggesting reckless disregard of the alleged duty.

In his Amended Complaint Plaintiff also alleges new facts dealing with willfulness and the FOH guidance at issue. Plaintiff's allegation that over the course of a decade-plus public debate during which college administrators, athletic directors, and coaches have publicly asserted

8

reasons for the refusal to pay student athletes a wage, no such person has ever professed reliance on Section 10b03(e) as one such justification, casts doubt on the argument that the existence of the FOH guidance makes Defendants' decision in this regard reasonable. More specifically, these allegations permit a plausible inference that Defendants did not rely on the FOH guidance in making this decision. As such, at the Motion to Dismiss stage it remains an open fact question what impact, if any, the FOH guidance had on Defendants' thought process and reasoning behind the decision not to pay Plaintiff and other student athletes. This Court cannot say, at this stage, that the existence of the FOH guidance renders Defendants' decision reasonable, and therefore not a willful violation of the FLSA, as a matter of law.

As Plaintiff has repeatedly argued, the issue of willfulness in the FLSA context is typically appropriate for resolution after the Motion to Dismiss stage, once there has been an opportunity for fact development. See, Pignataro v. Port Auth. Of N.Y. and N.J., 593 F.3d 265, 273 (3d Cir. 2010) ("Whether a violation of the FLSA is willful is a question of fact that is reviewed for clear error.") Of course, to survive a Motion to Dismiss and merit fact discovery on the issue of willfulness, the Complaint must allege facts to plausibly state a willful FLSA violation in the first instance. While the original Complaint failed in this regard, the Amended Complaint includes sufficient additional factual allegations to state a plausible willful FLSA violation, such that fact discovery on this issue is appropriate.

### B. FLSA Claim

#### i. Defendants' Contentions

Defendants argue that Plaintiff has not added allegations to his Amended Complaint sufficient to establish that the "economic reality" of his relationship with either Villanova or the NCAA is one of employee to employer. Def.s' Mot. at 15-17. The Amended Complaint merely

9

alleges that Plaintiff voluntarily participated, initially without receiving a scholarship in return, in a sport with a long tradition of amateurism, while attending school for the purpose of receiving an education. Id. at 17-19. There is no single test for evaluating the "economic reality" standard, and none of the various tests that courts have used in differing circumstances can fairly be applied here, as they all fail to capture the "tradition of amateurism" that defines student athletics. Id. at 23-25. In light of this "tradition of amateurism" the Court should conclude, as the Seventh Circuit did in Berger v. Nat'l. Collegiate Athletics Ass'n., 843 F.3d 285 (7th Cir. 2016), that student athletes are not employees under the FLSA, as a matter of law. Id. at 25-26.

Of the tests that courts have applied in evaluating "economic reality," the test for student interns set out in Glatt v. Fox Searchlight Pictures, Inc., 811 F.3d 528 (2d Cir. 2016) is the most relevant to the present context, and though the Court should not apply this or any other existing multi-factor test, applying Glatt would lead to the conclusion that student athletes are not covered by the FLSA in any case. Id. at 26-31.

### ii. Plaintiff's Contentions

Plaintiff reasserts his position that the Glatt test is the appropriate test by which to evaluate the employment status of Scholarship Athletes under the FLSA, and argues that the Amended Complaint alleges facts sufficient to state a claim that all Scholarship Athletes are entitled to FLSA coverage pursuant to such an evaluation. Pl.'s Br. at 26.

Additionally, Plaintiff argues that the Amended Complaint alleges sufficient facts to properly plead Plaintiff's economic dependence upon his scholarship benefits, and economic coercion, under Tony & Susan Alamo Found. v. Sec'y of Labor, 471 U.S. 290 (1985), and therefore state a claim under the FLSA. Pl.'s Br. at 26-29, 31. There is no "amateurism" exception in the FLSA, and Defendants' self-serving assertion that the "tradition of amateurism"

10

within the NCAA precludes a finding that Plaintiff is covered by the FLSA is unpersuasive and must give way to searching factual analysis through discovery. Id. at 39-42.

### iii. Analysis

In the Memorandum on the Motion to Dismiss the original Complaint this Court concluded that Plaintiff had failed to state an actionable FLSA claim against Villanova and the NCAA. In light of additional factual allegations included in the Amended Complaint, we now find that Plaintiff has plausibly stated an FLSA violation, and Defendants' Motion to Dismiss will be denied.

The FLSA defines "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e)(1), and "courts must look to the economic realities of the relationship in determining employee status under the FLSA." Safarian v. American DG Energy Inc., 622 Fed. Appx. 149, 151 (3d Cir. 2015) (quoting Martin v. Selker Bros., 949 F.2d 1286, 1293 (3d Cir. 1991); see also, Tony & Susan Alamo Found., 471 U.S. at 301 ("The test of employment under the Act is one of 'economic reality'....").[2] The Amended Complaint includes additional facts regarding the economic reality of the relationship between Plaintiff, in his capacity as a Scholarship Athlete with the Villanova football team, and Villanova and the NCAA. Specifically, Plaintiff alleges additional facts detailing his reliance on the financial benefits he received as a Scholarship

---

[2] In some circumstances courts have used specific multi-factor tests to evaluate whether the economic reality of a particular relationship indicates that a worker is an FLSA employee. See, e.g., Glatt v. Fox Searchlight Pictures, Inc., 811 F.3d 528 (2d Cir. 2015) (unpaid interns); Donovan v. DialAmerica Marketing, Inc., 757 F.2d 1376 (3d Cir. 1985) (workers labeled independent contractors). Plaintiff urges this Court to import the test from Glatt to evaluate whether NCAA Scholarship Athletes are FLSA employees, and while Defendants argue that no multi-factor test would be appropriate to resolve this question, they concede that among those multi-factor tests that have been used, the test from Glatt is the most relevant to the facts presented in this case. As in the Memorandum on the Motion to Dismiss the original Complaint, this Court declines at this stage to take a position on what type of multi-factor test, if any, would be appropriate in this context.

11

Athlete, including his personal economic dependence on his scholarship while attending Villanova.  The Amended Complaint pleads a more precise FLSA claim against the remaining Defendants than did the original Complaint that is plausible on its face.  In the absence of any controlling law conclusively precluding the possibility that a student athlete can be covered as an FLSA employee,[3] this Court cannot at this stage say that Plaintiff was not an FLSA employee as a matter of law during his football career as a Scholarship Athlete at Villanova.

Plaintiff has alleged sufficient facts to plausibly state his entitlement to relief under the FLSA.  Upon a clearer resolution on the issue of whether Plaintiff can establish a willful violation, if Plaintiff's FLSA claim remains viable it will be subject to fact discovery.

## V.     Conclusion

Defendant's Motion will be denied.  The parties will be ordered at this point to engage in discovery limited to the issue of willfulness, and will have 60 days to do so.

O:\Christina.2017\Livers v NCAA (17-4271)\Livers v. NCAA_MTD Amended Compl. Draft_updated.docx

---

[3] Dawson v. NCAA, 250 F.Supp.3d 401 (N.D. Cal. April 25, 2017) and Berger v. Nat'l Collegiate Athletic Ass'n, 843 F.3d 285 (7th Cir. 2016) are not controlling on this Court, and in any case, both proceed on slightly different facts and theories than those at issue here.