Paul L. McDonald
P L MCDONALD LAW LLC
1800 JFK Boulevard, Suite 300
Philadelphia, PA 19103
Telephone:   (267) 238-3835
Facsimile:   (267) 238-3801
Email:          paul@plmcdonaldlaw.com

*Counsel for Plaintiff and
the Proposed Collective*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TAURUS PHILLIPS,<br><br>                              Plaintiff,<br><br>     v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, a/k/a the NCAA, et al.<br><br>                              Defendants. | Civil Action No. 2:17-cv-04271-MMB |

***SECOND* MOTION TO ALTER, AMEND OR VACATE FINAL JUDGMENT
ON JOINT EMPLOYMENT CLAIMS AGAINST NON-ATTENDED SCHOOLS OR,
IN THE ALTERNATIVE, TO CERTIFY FOR RULE 54(b) APPEAL OF SAME**

Plaintiff, by undersigned counsel, **re-**moves to vacate the Order granting Non-Attended Schools' motions to dismiss joint employment claims against them (ECF 48), or, in the alternative, to certify the same for Rule 54(b) appeal and stay litigation during the pendency of such appeal.

Plaintiff Counsel requested that the Non-Attended Schools consent to the filing of this motion *uncontested*.

But, their Counsel declined consent although previously *agreeing* that this motion would be ripe upon a denial of a motion to dismiss the Amended Complaint "in light of the new procedural posture of the case." Defs' Opp'n to Mot. for Reconsideration (ECF 54), at 6.

-1-

As set forth in the *Draft* Appellant Brief, attached as Ex. A and incorporated herein, it seems apparent this Court dismissed the joint employment claims against Non-Attended Schools based upon *unintentional misapprehension* about how the NCAA works.

While this Court believed "Plaintiff cannot allege the [NCAA] rules were handed down or enforced by the non-attended schools," and, as a result, concluded, "non-attended schools cannot gain control over Plaintiff simply by agreeing to submit to these rules," Op. (ECF 47) at 23, *in fact*, the NCAA and Non-Attended School's own admissions and policies, published on NCAA.org and judicially-noticeable, *conclusively* establish that NCAA Member Schools, including the Non-Attended Schools, lead the NCAA, set the policy agenda for the NCAA, and hand down and enforce NCAA rules.

**"What Is the NCAA?"** which is published on NCAA.org at

http://www.ncaa.org/about/resources/media-center/ncaa-101/what-ncaa and judicially-noticeable, reads in pertinent part:

> WHAT IS THE NCAA?
>> The National Collegiate Athletic Association is a **member-led organization** …
>
> WHOSE RANKS INCLUDE:
>> **College Presidents lead** their schools and **the NCAA** ….
>
> **WHO MAKES THE RULES?**
>> **Member representatives serve on committees that propose rule and policies surrounding college sports. Members ultimately decide which rules to adopt** – everything from recruiting and compliance to academics and championships – and implement them on campus.
>
> WHAT DOES THE NATIONAL OFFICE DO?
>> The 500 employees at the NCAA's Indianapolis headquarters interpret and **support member legislation** …

Ex. B (emphasis supplied).

**"How the NCAA Works: Division I,"** which is also published on NCAA.org at

http://www.ncaa.org/sites/default/files/2018DINCAA-HowTheNCAAWorks-DI_20180313.pdf

and judicially-noticeable, elaborates, stating, *inter alia*:

> Rule-making starts with the schools and athletics conferences
> that belong to Division I.  If an athletics director wants to
> change recruiting legislation, for example, the idea could be
> introduced through the committee structure.
>
> *****
>
> Representatives serve on NCAA committees that determine the
> division's direction and develop legislation.

Ex. C.

**NCAA Division I Constitution Article 5. Legislative Authority and Process**,

which is also published on NCAA.org at

http://www.ncaapublications.com/productdownloads/D119.pdf and judicially-noticeable,

further provides:

> All legislation of the Association that governs the conduct of the
> intercollegiate athletics programs of its member institutions
> shall be adopted by the membership in Convention assembled
> [at which] [e]ach active member and each member conference
> with voting privileges, as specified in Constitution 3.3.2.2, shall
> be entitled to one vote.

NCAA Division I Constitution 5.01.1 and 5.1.3.1.1.

Moreover, as set forth in the STATEMENT OF THE CASE AND FACTS **in the**

***Draft* Appellant Brief (Ex. A), at 8-20,** the **member-made** rules, *here*, track the four

(4) non-exhaustive indicia of joint employment under *In re Enterprise Rent-A-Car Wage &*

*Hour Emp't Practices Litig.*, 683 F.3d 462, 469 (3d Cir. 2012).

Had it been evident, *at any time before dismissal*, that this Court *misapprehended*

how NCAA rules are handed down and enforced, these additional facts, in the form of the

NCAA and Non-Attended Schools' own admissions and policies published on NCAA.org,

surely would have set the record straight.

This Court granted a motion to alter judgment in *Reynolds v. Barnhart*, No. 03-2397, 2005 U.S. Dist. LEXIS 7401, at *2-3 (E.D. Pa. Apr. 27, 2005) (Baylson, J.), noting:

> [Alteration] may be appropriate where 'the Court has patently **misunderstood a party**, or has made a decision outside the adversarial issues presented to the Court by the parties, or has **made an error not of reasoning but of apprehension**.'"

(emphasis supplied) (citation omitted).

The circumstances, *here*, similarly warrant an alteration of judgment to correct an unintentional error of apprehension *efficiently without resort to appeal* – in this case, vacating the Order dismissing joint employment claims against the Non-Attended Schools and (re)instating Amended Complaint sections/paragraphs marked "Reserved" in red font, including, *inter alia*, the caption and Paragraphs 7, 31, 34-44, and 171-199.

In the alternative, a Rule 54(b) appeal of this judgment is ripe because this Court dismissed these *non*-duplicated, separable joint employment claims *with prejudice*.

By definition, "a dismissal with prejudice under Rule 12(b)(6) produces a final order appealable under 28 U.S.C. § 1291." *Heffernan v. Hunter*, 189 F.3d 405, 408 (3d Cir.1999). Since "finality" under Rule 54(b) "is measured by the traditional standards governing 28 U.S.C. § 1291," the referenced joint employment claims against the Non-Attended Schools qualify for a Rule 54(b) appeal. *Genty v. RTC*, 937 F.2d 899, 905 (3d Cir. 1991).

In reviewing Rule 54(b) certifications, courts consider, *inter alia*:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Allis-Chalmers Corp. v. Phila. Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975)

In its Opinion, this Court considered these joint employment claims against the Non-Attended Schools to be *non*-duplicated and separable from remaining claims against the NCAA and Villanova University:

> Plaintiff includes extensive references to the NCAA member agreement, which relates to his alleged employment by schools that he did not attend. As Plaintiff does not have standing to pursue FLSA claims against these schools, these facts go far beyond the scope of what is relevant to his cause of action.

Op. (ECF 47), at 33.

Thus, this Court has *already* concluded that a "relationship between the adjudicated and unadjudicated claims" is **absent or *de minimis***. It follows that "the possibility that the reviewing court might be obliged to consider the same issue a second time" is *similarly* **absent or *de minimis***.

This said, because the **member-made** rules "are uniformly interpreted and applied by member schools to insure a 'level playing field' under threat of competition and financial penalties," Compl. at ¶28, **as Villanova goes *so must the Non-Attended Schools go***.

Indeed, as noted in the Defendant Class Action Allegations:

> [I]f any adjudication or resolution were to require any member school(s) to classify and pay Scholarship Athletes as employees, either the member school(s) party to such Order would be expelled from the NCAA or the NCAA and member schools **not** party to such Order would have to also comply. Thus, the proposed defendant class is appropriate under Fed. R. Civ. P. 23(b)(1) and (b)(2) because:
>
> (1) prosecuting separate actions against individual class members would create a risk of:
>
> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
>
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that declaratory relief is appropriate respecting the class as a whole.

Compl. at ¶43.

So, it is in the interest of judicial economy – *and the Non-Attended Schools* – to determine *sooner, rather than later*, whether the Non-Attended Schools are to be reinstated as parties to this action or are to, *inevitably*, seek to intervene in some capacity.

Finally, in arguing against the *first* motion for Rule 54(b) appeal certification, Defense Counsel suggested this Court should, instead, "revisit the question of Rule 54(b) certification in light of the new procedural posture of the case" upon a denial of a motion to dismiss the Amended Complaint.  Defs' Opp'n to Mot. for Reconsideration (ECF 54), at 6.

**It is *now* clear that the Amended Complaint will *not* be dismissed on statute of limitations or other grounds, but will be answered – so the timing is *finally* ripe.**  *See* Court Pretrial Order (ECF 104).

For all the foregoing reasons, this Court should grant this motion as it deems most efficient to litigation, either:

> (a) vacating the Order dismissing joint employment claims against the Non-Attended Schools and (re)instating the sections and paragraphs of the Amended Complaint marked "Reserved" in red font, including, *inter alia*, the caption and Paragraphs 7, 31, 34-44, and 171-199; or

(b) certifying the Order dismissing joint employment claims against the Non-Attended Schools for Rule 54(b) appeal and staying litigation during the pendency of such appeal.

Dated: December 6, 2018 Respectfully submitted,

/s/ Paul L. McDonald

Paul L. McDonald
P L MCDONALD LAW LLC
1800 JFK Boulevard, Suite 300
Philadelphia, PA 19103
Telephone: (267) 238-3835
Facsimile: (267) 238-3801
Email: paul@plmcdonaldlaw.com

*Counsel for Plaintiff and the
Proposed Collective*

## ORAL ARGUMENT REQUESTED

Pursuant to Local Rule 7.1(f), Plaintiff respectfully requests oral argument on the *Second* Motion to Alter, Amend or Vacate Final Judgment on Joint Employment Claims against Non-Attended Schools or, in the Alternative, to Certify for Rule 54(b) Appeal of Same.

Dated: December 6, 2018 Respectfully submitted,

/s/ Paul L. McDonald

Paul L. McDonald
P L MCDONALD LAW LLC
1800 JFK Boulevard, Suite 300
Philadelphia, PA 19103
Telephone: (267) 238-3835
Facsimile: (267) 238-3801
Email: paul@plmcdonaldlaw.com

*Counsel for Plaintiff and the Proposed Collective*

## CERTIFICATE OF SERVICE

      I hereby certify that on December 6, 2018, the foregoing document was served on counsel by filing via the CM/ECF system, which will send an email notice to registered parties.

      /s/ Paul L. McDonald
      Paul L. McDonald
      P L MCDONALD LAW LLC

      *Counsel for Plaintiff and the Proposed Collective*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TAURUS PHILLIPS,<br><br>                    Plaintiff,<br><br>v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, a/k/a the NCAA, et al.<br><br>                    Defendants. | Civil Action No. 2:17-cv-04271-MMB |

**ORDER GRANTING *SECOND* MOTION TO ALTER, AMEND OR VACATE FINAL JUDGMENT ON JOINT EMPLOYMENT CLAIMS AGAINST NON-ATTENDED SCHOOLS OR, IN THE ALTERNATIVE, CERTIFICATION FOR RULE 54(b) APPEAL OF SAME**

This cause has come before the Court upon the *Second* Motion to Alter, Amend or Vacate Final Judgment on Joint Employment Claims against Non-Attended Schools or, in the Alternative, Certification for Rule 54(b) Appeal of Same.

Being fully advised, it is now

ORDERED that the motion be, and hereby is, GRANTED and:

\_\_\_\_    the Order (ECF 48) dismissing joint employment claims against the Non-Attended Schools is **vacated**, the sections and paragraphs of the Amended Complaint marked "Reserved" in red font – including, *inter alia*, the caption and Paragraphs 7, 31, 34-44, and 171-199 – are (re)instated, and the Non-Attended Schools are directed to Answer the Amended Complaint by (Date) _____

\_\_\_\_    the Order (ECF 48) dismissing joint employment claims against the Non-Attended Schools is **certified** for Rule 54(b) appeal and this litigation is stayed during the pendency of such appeal.

Dated:_____                          By:_____

                                                                                    Honorable
                                                                                     United States District Court
                                                                                     Eastern District of Pennsylvania

Copies to:
Distribution to all registered counsel by CM/ECF.